UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE STATE OF NEVADA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RAUL GONZALES,<br><br>　　　　　Defendant. | Case No. 2:16-cv-00900-APG-NJK<br><br>**ORDER VACATING STATE COURT ORDERS**<br><br>(ECF No. 14) |

The State of Nevada is prosecuting Raul Gonzales. Mr. Gonzales's attorney, Randal Pike, served a state court Subpoena Duces Tecum upon the Las Vegas office of the Federal Bureau of Investigation. The FBI initially notified Mr. Pike of his need to comply with regulations promulgated by the Department of Justice under 5 U.S.C. § 301 that govern requests for FBI records. Ultimately, the United States Attorney for the District of Nevada, as the deciding official under the applicable regulations, issued a final decision producing, partially producing, and withholding records. Dissatisfied with that result, Mr. Pike obtained from the state court (first) an order compelling production of an unredacted copy of one document, and (later) requiring a representative of the United States Attorney's Office to appear in state court and show cause why the record had not been produced. ECF Nos. 1-8 at 3-4 and 1-10 at 4-5. The United States then removed this matter to this federal court pursuant to 28 U.S.C § 1442(a)(1).

The United States now moves for an order vacating the two state court orders. ECF No. 14. United States Magistrate Judge Spero confronted a similar situation in *FBI v. Superior Court of California*, 507 F. Supp. 2d 1082 (N.D. Cal. 2007). Judge Spero ruled that the DOJ's regulations governing disclosure of information are valid. *Id.* at 1092 (citing 5 U.S.C. § 301 and *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951)). Thus, he held, the state court lacked authority to compel production of the requested information or to punish agents for withholding information based on those regulations. He further held that "sovereign immunity also precludes

the state court from enforcing the subpoenas or order against" the federal agents. *Id.* at 1094. Thus, Judge Spero granted the government's motion to vacate the state court orders and quash the subpoenas. I see no material distinction between that case and this.

As Judge Spero found, the DOJ's regulations upon which the government relies in this case are valid. The state court cannot hold the United States Attorneys or the FBI agents liable for refusing to produce documents when those officers are complying with the DOJ's regulations. *Id.* at 1093. Moreover, "cases involving § 1442(a) removals of state subpoena proceedings against unwilling federal officers have held that sovereign immunity bars the enforcement of the subpoena." *In re Elko Cty. Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (quoting *Edwards v. U.S. Dep't. of Justice*, 43 F.3d 312, 317 (7th Cir. 1994)). Thus, the state court's orders also violate the federal government's sovereign immunity. Because the state court lacked authority to issue those orders, the government's motion will be granted and those orders will be vacated.

Mr. Gonzales and the State of Nevada have an avenue by which they may challenge the DOJ's decision to withhold information. "The appropriate means for challenging the Department of [Justice's] decision under *Touhy* is an action under the Administrative Procedure Act in federal court." *In re Elko Cty.*, 109 F.3d at 557 n. 1. The United States Attorney's Office pointed that out to counsel for those parties, but they apparently have not pursued that remedy. ECF No. 1-5 at 4.

IT IS THEREFORE ORDERED that the United States' motion to vacate the state court orders **(ECF No. 14) is GRANTED.** Those orders are vacated. There being no further issues pending in this case, the clerk of court is directed to close this case.

DATED this 26th day of October, 2016.

---
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE